# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN RE HUNTINGTON BANCSHARES INC. ERISA LITIGATION ) ) ) | Case No. 2:08-CV-0165 |
| ) | Hon. Gregory L. Frost |
| This document relates to: ) ) | Hon. Terence P. Kemp |
| No. 2:08-CV-0175 ) No. 2:08-CV-0197 ) ) | |

## FINAL JUDGMENT AND ORDER

On April 28, 2011, this Court entered an order that, *inter alia*, granted preliminary approval of the Settlement Agreement and Release ("Settlement Agreement"), certified a Settlement Class for purposes of settlement only, and approved the form and manner of Class Notice and Publication Notice (the "Preliminary Approval Order").

On September 1, 2011, the Court ordered Plaintiffs to mail a Class Notice to additional individual Settlement Class Members who were not initially identified on the class notice list that Plaintiffs previously utilized. Such mailing was sent by September 12, 2011.

Subsequently, a non-oral hearing was held on November 28, 2011 to consider objections, if any, that were filed as a result of the second Class Notice mailing ordered by the Court. No objections were filed. Accordingly, the Court finds that a full and fair opportunity to be heard has been given to all persons to be heard in accordance with the Preliminary Approval Order, Class Notice, and Publication Notice.

Having considered the Plaintiffs' moving papers, the Settlement Agreement (including, but not limited to, the Plan of Allocation), and all other evidence concerning Plaintiffs' motion for final approval of the Settlement Agreement, this Court having been duly advised in the premises,

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. This Court has jurisdiction over the subject matters of this action, all members of the Settlement Class, and all Defendants pursuant to 29 U.S.C. § 1132(e).

2. To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Settlement Agreement.

3. The Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being fair, reasonable, and adequate. The Court also determines that (a) the Settlement Agreement is in the best interest of the Named Plaintiffs on behalf of themselves, the Settlement Class, and the Huntington Investment and Tax Savings Plan (the "Plan") (collectively, "Plaintiffs"), (b) the Settlement Agreement is fair, reasonable and adequate, and (c) the Settlement Agreement is the product of serious, informed, arm's-length and non-collusive negotiations.

4. The Plan of Allocation is fair and reasonable. The Parties shall direct the distribution of the Net Settlement Fund in accordance with the Plan of Allocation and the Settlement Agreement.

5. The Independent Fiduciary is authorized to determine whether the Settlement should be authorized for the Plan and to make any other determinations called for by the Department of Labor's Class Exemption for the Release of Claims and Extensions of Credit in Connection with Litigation, PTE 2003-39 (the "Department of Labor's Class Exemption, PTE 2003-39").

6. The Settlement is supported by a determination from the Independent Fiduciary that the Settlement Agreement is authorized by, and is appropriate for, the Plan. This Court finds that the Settlement complies with the terms of the Department of Labor's Class Exemption, PTE 2003-39 and does not constitute a "prohibited transaction" under ERISA.

7. The Settlement Agreement complies with Internal Revenue Service Revenue Ruling 2002-45, 2002-2 C.B. 116 (June 26, 2002), and the Settlement Payment is a restorative payment.

8. The Court determines that the Class Notice and Publication Notice (collectively, "Notice") transmitted to the Settlement Class Members pursuant to the Preliminary Approval Order, the Court's subsequent Order of September 1, 2011 and the Settlement Agreement constituted the best notice practicable under the circumstances and provided individual notice to all members of the Settlement Class who could be identified through reasonable efforts. The Class Notice and Publication Notice provided valid, adequate, and sufficient notice of, among other things, these proceedings, the Settlement, the Released Claims, and the Plan of Allocation to all persons entitled to such notice. Such notice has fully satisfied the requirements of FED. R. CIV. P. 23 and the requirements of due process.

9. The form manner, and timing of the notice provided by Huntington Bancshares Incorporated pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA") is hereby determined to have been given in compliance with CAFA (the "CAFA Notice").

10. The Court certifies this Litigation as a class action pursuant to FED. R. CIV. P. 23(a) and 23(b)(l) and (b)(2) for settlement purposes only. The Settlement Class consists of the following individuals:

> All persons, excluding the Defendants, who participated in the Plan for whose individual accounts the Plan purchased or held units in the Huntington Stock Fund at any time from July 1, 2007 through April 1, 2009, inclusive (the "Class Period").

11. The Court finds that (a) the joinder of all proposed Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims raised by Named Plaintiffs are typical of the claims of the Settlement Class Members; (d)

3

the Named Plaintiffs have fairly and adequately represented the interests of the Settlement Class; and (e) the prosecution of separate actions by individual members of the Settlement Class would create a risk of (i) inconsistent or varying adjudications with respect to individual members of the Settlement Class that would establish incompatible standards of conduct for all Defendants; and (ii) adjudications with respect to individual members of the Settlement Class that would as a practical matter be dispositive of the interests of the other members of the Settlement Class; and (f) Named Plaintiffs have alleged that the Defendants have acted or refused to act on grounds generally applicable to the Settlement Class.

12. The Court finds and determines pursuant to FED. R. CIV. P. 23(a) that Named Plaintiffs Hilda Riccio, Nathan Cedarleaf, Aileen Moening, and Carol Uberti have adequately represented the Settlement Class as Class Representatives, and are hereby approved as Settlement Class Representatives.

13. No one has filed any objections to the Settlement.

14. The Court hereby dismisses the Litigation against the Defendants with prejudice on the merits.

15. The Released Claims, as defined in the Settlement Agreement, are released and discharged as of the Effective Date of this Final Judgment and Order.

16. The Plaintiffs are enjoined and barred from commencing or prosecuting any action that purports to challenge the preparation or structuring of the Plan of Allocation or that asserts any Released Claim against any Defendant Releasee (as those terms are defined in the Settlement Agreement), either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Any person or entity who knowingly

violates this injunction shall pay the costs and attorneys' fees incurred by any Defendant Releasee as a result of the violation.

17. The Court hereby decrees that the Settlement Agreement, the Preliminary Approval Order, this Final Judgment and Order, all drafts of the foregoing, and any negotiations or proceedings relating to the foregoing shall not be construed as or deemed to be evidence of an admission, concession, or of any liability or wrongdoing by any Defendant, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except to enforce the terms of the Settlement Agreement or except as may be required by law or court order. This Final Judgment and Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in this Litigation.

18. Disbursements for Tax Expenses and other costs of administering the Settlement, including (a) the costs and expenses associated with identifying and notifying the Settlement Class Members of the Settlement and effectuating Notice, including, without limitation, (i) the costs of printing, mailing, and publishing the Class Notice and the Publication Notice, (ii) the reasonable costs of the Settlement Administrator, and (iii) any out-of-pocket costs that Huntington may incur to gather required data, perform required settlement calculations, and establish Plan accounts for the purpose of distributing the Net Settlement Fund Payments, and (b) any out-of-pocket costs and expenses incurred by the Escrow Agent, are hereby approved.

19. Without affecting the finality of this Final Judgment and Order, the Court retains jurisdiction to implement, interpret, or enforce the Final Judgment and Order, the Preliminary Approval Order, and the Settlement Agreement.

20. In the event that (a) the Settlement Agreement is terminated pursuant to its terms, (b) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order do

not for any reason become effective under the terms of the Settlement Agreement; or (iii) the Settlement Agreement, Preliminary Approval Order, or the Final Judgment and Order are reversed, vacated, or modified in any material respect, then any and all orders entered pursuant to the Settlement Agreement, including this Final Judgment and Order, shall be deemed vacated. Under such circumstances, each party to the Settlement Agreement shall be restored to his, her, or its respective position as it existed prior to the execution of the Settlement Agreement. Defendants shall have the right to oppose any class certification motion that may subsequently be brought.

21. This Court hereby retains jurisdiction for the purpose of interpreting or enforcing the Settlement Agreement.

SO ORDERED this __15TH__ day of __December__, 2011.

_____
HON. GREGORY L. FROST
United States District Court
Southern District of Ohio